UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD D. BAKER,<br>  Plaintiff,<br>  vs.<br>VOITH FABRICS US SALES, INC., a foreign corporation,<br>  Defendant. | NO. CV-07-003-JLQ<br><br>MEMORANDUM AND OPINION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is Defendant's Motion and Memorandum in Support of Motion for Summary Judgment. (Ct. Rec. 22). Defendant Voith Fabrics US Sales, Inc. is represented by **James M. Shaker**, **Kimberly D. Bartman**, and **Michael C. Lord**. Plaintiff Richard H. Baker is represented by **Christine M. Weaver** and **Crystal B. Spielman**. The motion is opposed by Plaintiff.

## BACKGROUND

This is Plaintiff Richard Baker's second action within the past two years against Defendant Voith Fabrics US Sales, Inc.,based upon his employment termination, before this court. Plaintiff filed his first action against the Defendant on June 21, 2005, in Superior Court of the State of Washington for Asotin County alleging a violation of Washington's Law Against Discrimination and seeking to obtain long-term disability benefits and short-term salary continuation benefits.  Defendant removed the action to this court on July 29, 2005, and it became *Richard H. Baker v. Voith Paper Inc. and Voith Fabrics US Sales Inc.*, CV-05-3070-FVS. On July 7, 2006, almost a year into the matter and just days before the discovery cutoff, Plaintiff motioned to amend his complaint to abandon his disability-discrimination claim and in its place, add a claim under the Employee Retirement Income Security Act of 1974 ("ERISA").  Defendant

ORDER - 1

opposed the motion, claiming bad faith, tardiness, prejudice, and futility. In reply to Defendant's opposition, Plaintiff modified his request, seeking to add the ERISA claim, yet retain the disability-discrimination claim until the court determined whether the ERISA claim could be brought.

On September 1, 2006, the court denied the motion to amend and provided the Plaintiff with the option to either proceed with the disability-discrimination claim, or move to dismiss the action pursuant to FED. R. CIV. P. 41(a)(2) and file a new action seeking relief under ERISA. Plaintiff chose to file a motion to voluntarily dismiss pursuant to FED R. CIV. P. 41(a)(2). Defendant opposed the motion and requested that Plaintiff's claim be dismissed with prejudice and that Rule 54(d) costs be imposed. On October 16, 2006, the court granted Plaintiff's motion in part. Stating that it was unreasonable for Plaintiff to wait until the discovery cutoff was just days away to request leave to substitute an ERISA claim for his disability-discrimination claim, Judge Van Sickle dismissed his disability-discrimination claim *with prejudice,* although fees and costs were not imposed. Plaintiff did not appeal this dismissal with prejudice.

On November 27, 2006, Plaintiff filed this second action in the Superior Court of the State of Washington for Spokane County, which Defendant again removed to this court. This time, Plaintiff has not brought a claim under ERISA. Rather, Plaintiff brings claims for breach of contract and "retaliation." While the claims are different than those brought in the prior action, the facts alleged in each complaint are nearly identical, as evidenced by the following side-by-side comparison of the Statement of Facts:

| **June 21, 2005 Complaint** | **November 27, 2006 Complaint** |
|---|---|
| 3.1 All acts by managers, supervisors and employers of Defendants were committed in the course and scope of employment and on behalf of Defendants. | 3.1 All act by managers, supervisors and employees of Defendant were committed in the course and scope of employment and on behalf of Defendant. |
| 3.2 Plaintiff was hired by Defendants as a | 3.2 Plaintiff was hired by Defendant as a |

ORDER - 2

| | |
|---|---|
| Service Technician on or about May 1, 1992. | Service Technician on or about May 1, 1992. |
| 3.3  In or about January 2005, Plaintiff's physician told him that he could no longer continue in his employment as a Sales Service Technician due to his medically diagnosed conditions of poor circulation and bulging discs. | 3.3 In or about January 2005, Plaintiff's physician told him that he could no longer continue in his employment as a Sales Service Technician due to his medically diagnosed conditions of poor circulation and bulging discs. |
| | 3.4  As salaried employee, Plaintiff was entitled to salary continuation and long term disability benefits. |
| 3.4  Plaintiff on several occasions informed his supervisor, Marc Begin, that he was going to have to discontinue his employment and apply for long term disability benefits. | 3.5  Plaintiff on several occasions informed his supervisor, Marc Begin, that he was going to have to discontinue his employment and apply for long term disability benefits, in addition to receiving his salary continuation benefits. |
| 3.5  In February 2005, Plaintiff, at the recommendation of his physician, discontinued traveling for two weeks, but continued to perform his non-travel work related duties. | 3.6  In February 2005, Plaintiff, at the recommendation of his physician, discontinued traveling for two weeks, but continued to perform his non-travel work related duties. |
| 3.6  On or about May 6, 2005, Plaintiff's physician drafted a letter to Defendants informing them that Plaintiff had been restricted from returning to work for an unspecified period of time. | 3.7 On or about May 6, 2005, Plaintiff's physician drafted a letter to Defendants informing them that Plaintiff had been restricted from returning to work for an unspecified period of time. |
| 3.7 Three days later on May 9, 2005, Plaintiff was terminated from his employment and his eligibility for long term disability benefits was discontinued | 3.8  Three days later on May 9, 2005, Plaintiff was terminated from his employment and his eligibility for long term disability benefits was discontinued |

ORDER - 3

| as well as his short term salary continuation benefits. | |

## SUMMARY JUDGMENT STANDARD

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the material facts before the court. *Northwest Motorcycle Ass'n v. United States Dept. of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The moving party is entitled to summary judgment when, viewing the evidence and the inferences arising therefrom in the light most favorable to the nonmoving party, there are no genuine issues of material fact in dispute. FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). While the moving party does not have to disprove matters on which the opponent will bear the burden of proof at trial, they nonetheless bear the burden of producing evidence that negates an essential element of the opposing party's claim and the ultimate burden of persuading the court that there is no genuine issue of material fact. *Nissan Fire & Marine Ins. Co. v. Fritz Companies*, 210 F.3d 1099, 1102 (9th Cir. 2000).

Once the moving party has carried its burden, the opponent must do more than simply show there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1975). In meeting this burden, the "adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." *Miller v. Glenn Miller Productions*, 454 F.3d 975, 987 (9th Cir. 2006) (quoting FED. R. CIV. P. 56(e)).

## ANALYSIS

**I. Res Judicata**

The doctrine of res judicata "relieve[s] parties of the costs and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d

ORDER - 4

985, 988 (9th Cir. 2005) (citation omitted).  The doctrine applies when an earlier adjudication (1) reached a final judgment on the merits (2) involved the same cause of action or "claim," and (3) involved the same parties or privies.  *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 962 (9th Cir. 2006).  It appears that for this action, all three elements are met.

**A.  Same Parties:**

It is undisputed that the parties to this action, Plaintiff Richard H. Baker and Defendant Voith Fabric US Sales, Inc., are the same parties that appeared in the first action.

**B.  Identity of Claims:**

To determine whether successive lawsuits involve an identity of claims for res judicata purposes, courts in the Ninth Circuit consider four criteria:  (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions.  *Adams v. State of Cal. Dept. of Health Servs.*, – F.3d –, 2007 WL 1309812, *4 (9th Cir. 2007) *withdrawing and replacing* 2007 WL 446582 (citing *Costantini v. Trans World Airline*, 681 F.2d 1199, 1201-02 (9th Cir. 1982)).  Although no single criterion can decide every res judicata question and these factors are not applied mechanistically, "[t]he central criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the two suits arise from the same transactional nucleus of facts.'"  *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001) (quoting *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir.2000)).

**i.  Same transactional nucleus of facts:**

To determine whether two actions are part of the same transaction or series of transactions, courts apply a transactional test and consider whether the actions are

ORDER - 5

"related to the same set of facts and whether they could conveniently be tried together." *Mpoyo*, 430 F.3d at 986 (quoting *W. Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992)). *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985 (9th Cir. 2005) illustrates how the Ninth Circuit applies this transactional test. In that action, the plaintiff had brought a Title VII action against his former employer alleging "his supervisor harassed and defamed him, conspired against him during his employment, destroyed his reputation by ordering him to leave the building in a humiliating way, framed him for removing computer program materials, conspired to fire him, conspired to create conflicts between him and other employees and retaliated against him for reporting racial epithets." *Id.* at 986. Then two years into the action, after the completion of discovery, expert witness disclosures time had passed, and summary judgment motions were fully briefed, the plaintiff sought leave to amend his complaint to include Family Medical Leave Act ("FMLA") and Fair Labor Standards Act ("FLSA") claims, which the district court denied because it would have been "unfairly prejudicial" and the "dely was unjustified." *Id.* Ultimately, the district court granted partial summary judgment in favor of defendant on the Title VII claim and it was upheld on appeal. *Id.* While on appeal, however, plaintiff filed a new action bringing the same FMLA and FLSA claims he had not been permitted to add by amending his complaint. *Id.* at 986-87  The district court dismissed the FMLA and FLSA claims based upon res judicata, and plaintiff appealed. On appeal, the Ninth Circuit determined that plaintiff's subsequent action arose from the same transaction, or series of transactions as the original action because all the claims arose from the defendant employer's conduct while plaintiff was an employee and from the events leading to his termination. *Id.* As such, "the Title VII, FLSA and FMLA claims form a convenient trial unit that discloses a cohesive narrative of an employee-employer relationship and controversial termination." *Id.*

   Here, Plaintiff is attempting to bring new claims based upon the same conduct or series of conduct alleged in the prior action, as evidenced by the factual allegation

ORDER - 6

sections of the complaints remaining substantially unchanged. Despite Plaintiff's attempt to describe the disability-discrimination claim as coming from overtly discriminatory actions, and the breach of contract claim coming from a failure to act, the Plaintiff is essentially complaining of the same conduct. Plaintiff continues to allege that after reporting his medical condition to his supervisor, which restricted his ability to work, the Defendant wrongfully terminated his employment, and as a result, Plaintiff seeks to recover the value of his short term disability benefits and salary continuation benefits, along with attorneys' fees and costs. Accordingly, this subsequent action arises from the same transaction, or series of transactions as the original action, and therefore satisfies the first criterion.

### ii. Other criteria:

As for the second criterion, this action would impair the Defendant's freedom from liability as established in the prior action before the court. *See Costantini*, 681 F.2d at 1202 (considering the right or interest established in a prior judgment to be the freedom from liability). The last two criteria, however, are not conclusive. Whether the two actions involve infringement of the same right depends upon how broadly or narrowly the court looks at the right. Obviously, if the right is considered from the level of each claim, the right to be free from being discriminated against due to a disability is different from the right to enjoy the benefit of a contract or the right to engage in statutorily protected activities without fear of retaliation. *See Mpoyo*, 430 F.3d at 987 (stating that Title VII, FMLA, and FLSA arguably address different particular rights). However, if viewed more broadly, Plaintiff is claiming he has a right to receive his short term disability benefits and salary continuation benefits after being wrongfully terminated due to a medical condition that required the Plaintiff to take a leave of absence. *See Durney v. WaveCrest Lab.*, 441 F. Supp. 2d 1055, 1065 (N.D. Cal. 2005) (describing how "different legal rights might be involved (*e.g.* right to intellectual property protected by copyright versus proprietary interest in the intellectual property), [but] at bottom, [Plaintiff's] general

ownership interest in the work is what is at issue"). Finally, as for the fourth criterion, some of the evidence would certainly overlap because Plaintiff "disputes a single act of termination stemming from a course of employment" and the withholding of benefits. *Mpoyo*, 430 F. 3d at 987. Yet, as Plaintiff points out, because the claims are different "other evidence supporting the two actions would likely be distinct." *Id.*

Ultimately, while the latter three criteria may not yield a clear outcome, the Ninth Circuit has often held the "same transactional nucleus of fact" criterion to be outcome determinative and has stated that it is appropriate to weigh it even more heavily where the underlying action's "denial of leave to amend was based on unjustified untimeliness on the part of the plaintiff that would cause unfair prejudice to the defendant." *Id.* at 988. Therefore, because this action clearly involves the same transactional nucleus of facts as the prior action, the court need not evaluate the latter three criteria to determine that the identity of claims element is satisfied.

**C. Final Judgment on the Merits:**

This element raises the issue of whether the Order entered in the prior action dismissing Plaintiff's disability-discrimination claim with prejudice operated as a "final judgment on the merits" for purposes of res judicata. Plaintiff argues that this element is "claim-specific" and therefore, rather than precluding claims that could have been raised in a prior action, res judicata only precludes claims that were adjudicated to a final judgment on their merits. To support this position, Plaintiff cites *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005) where the Ninth Circuit emphasized the following language from *Baker ex rel. Thomas v. Gen. Motors Corp.*, 522 U.S. 233 n. 5 (1998): "res judicata doctrine focuses on an identity of *claims*, specifying that 'a valid final adjudication *of a claim* precludes a second action *on that claim* or any part of it.'" (emphasis added in original). From that, the Court stated that the "'final judgment' prong of the res judicata test is claim-specific." *Hells Canyon*, 403 F.3d at 686. Then, applying this standard, the Court determined that because the prior action's

ORDER - 8

Wilderness Act claim was voluntarily dismissed prior to the action's final dismissal, there was "no final judgment on the merits with regard to [the Wilderness Act] claim." *Id.* at 687-90.

The overwhelming weight of Ninth Circuit precedent stands for the proposition that res judicata bars not only all claims that were actually litigated, but also claims that could have been asserted in the prior action, as long as the prior action resulted in a "final judgment on the merits." *See Tahoe Sierra Preservation Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003) (stating that "[n]ewly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action"); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (stating that "res judicata, or claim preclusion, prohibits lawsuits on 'any claims that were raised or *could have been raised*' in a prior action"); *see also Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 396 (1981) (stating that "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action"). In fact, just months after *Hells Canyon*, the Ninth Circuit held that the denial of leave to amend a complaint to add claims due to dilatoriness in a prior action does not prevent application of res judicata in a subsequent action where the plaintiff attempts to bring those same claims. *Mpoyo*, 430 F.3d at 988-89. The court explained that "[d]ifferent theories supporting the same claim for relief must be brought in the initial action." *Id.* at 988 (quoting *Ulloa*, 958 F.2d at 871). "Permitting these later-filed claims to proceed would create incentive for plaintiffs to hold back claims and have a second adjudication." *Id.* In so holding, the Court applied the "final judgment on the merits" element to the prior action instead of applying it as "claim-specific" requirement.

Therefore, the issue is whether the prior action resulted in a "final judgment on the merits," and is not whether Plaintiff's current claims for breach of contract and retaliation have been previously adjudicated. In denying the motion to amend the complaint in the

prior action, the court invited the Plaintiff to move to dismiss the action pursuant to FED. R. CIV. P. 41(a)(2) and file a new action seeking relief under ERISA.  However, when Plaintiff made such a motion, the court dismissed the disability-discrimination claim *with prejudice.*  Typically, a "dismissal with prejudice" is a "final judgment on the merits," unless otherwise specified. *See Stewart*, 297 F.3d at 956 (stating that "[t]he phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice'"); *In re Schimmels*, 127 F.3d 875, 884 (9th Cir. 1997) (stating that "[a]n involuntary dismissal generally acts as a judgment on the merits for the purposes of res judicata, regardless of whether the dismissal results from procedural error or from the court's considered examination of the plaintiff's substantive claims");  *Cf. Owens*, 244 F.3d at 714 (dismissal for failure to prosecute acts was an adjudication on the merits). Accordingly, the prior action resulted in a final judgment on the merits thereby satisfying res judicata's final element.

## CONCLUSION

In sum, because the Plaintiff was given a full and fair opportunity to raise and litigate these claims in his prior action, the application of res judicata to dismiss the Plaintiff's present Complaint has not unfairly deprived the Plaintiff of his day in court. *Adams*, 2007 WL at *8.  Plaintiff was not barred from bringing the breach of contract or retaliation claim in the first action.  The Plaintiff's motion for leave to amend was denied and his claim dismissed with prejudice because his motions were untimely and prejudicial; the parties were nearly one year into the action and the discovery period had nearly expired.  Accordingly, Defendant's Motion for Summary Judgment is **GRANTED.**

**IT IS SO ORDERED.**  The Clerk is directed to enter this Order, enter judgment

ORDER - 10

1  dismissing the Complaint and the claims therein with prejudice, furnish copies to counsel,
2  and thereafter close this file.
3  **DATED** this 24th day of May 2007.

4            s/ Justin L. Quacken bush
         JUSTIN L. QUACKENBUSH
5     SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 11